## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWAYNE ALLEN JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 10-CV-390-JHP-FHM** |
| | ) | |
| DAVID PARKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Dwayne Allen Jennings, a state inmate appearing pro se. Respondent filed a response (Dkt. # 9) and provided the state court records (Dkt. ## 9, 10, and 11) necessary for adjudication of Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 16). On September 29, 2010, Petitioner filed a motion to amend (Dkt. # 14), seeking to add another claim of ineffective assistance of trial counsel based on counsel's failure to object to the jury selection process based on Batson v. Kentucky, 476 U.S. 79 (1986). By Order filed August 25, 2011 (Dkt. # 19), the Court granted Petitioner's motion to amend his petition to add the omitted claim. On September 26, 2011, Respondent filed a supplemental response (Dkt. # 20) addressing the added claim. Respondent also stated, see Dkt. # 20 at 10-16, that the remaining claims of ineffective assistance of counsel identified in the motion to amend were raised by Petitioner in his original petition and had been fully briefed in the original response (Dkt. # 9). On November 3, 2011, Petitioner filed a supplemental reply (Dkt. # 27). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied. The Court further finds that Petitioner is not entitled to habeas corpus relief on his additional claim, raised in his motion to amend, alleging ineffective assistance of counsel for failing to lodge a Batson objection.

*BACKGROUND*

On the afternoon of March 7, 2007, Petitioner attacked Latasha Pearson outside her apartment in Tulsa, Oklahoma.  As he chased after Ms. Pearson, Petitioner pulled a knife. Ms. Pearson fell down on her back. Petitioner cut Ms. Pearson's face from her ear to her lip.  He also cut the right side of her body near her ribs.  The attack was interrupted when Ms. Pearson's sixteen (16) year old son, K.P.,[1] hit Petitioner.  Petitioner swung his knife at K.P., cutting him in the face and on his hand. Ms. Pearson got up and tried to run away towards the apartment complex's security booth. She fell again and Petitioner tackled her by grabbing her legs.  Petitioner attempted to cut her again, but saw security personnel running towards him.  He jumped off of Ms. Pearson and ran away. Security officer Paul Clark drove his car in pursuit of Petitioner.  Once he saw Petitioner, he pulled his car over and announced himself.  Petitioner saw Mr. Clark, but continued running.  Mr. Clark chased him on foot. Petitioner encountered a fence and stopped. He pulled his open knife from his pocket and stepped towards Mr. Clark with his knife extended. Mr. Clark pulled his service and firearm and ordered Petitioner to drop the knife and get on the ground. Petitioner did not comply initially. Once Mr. Clark's partner, Tony Elston, arrived, Petitioner dropped his knife and was taken into custody.

Based on those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2007-1387, with Assault and Battery With a Dangerous Weapon (Latasha Pearson) (Count 1), Assault and Battery with a Dangerous Weapon (K.P.) (Count 2), and Assault With a Dangerous Weapon (Paul Clark) (Count 3). On November 26, 27, and 28, 2007, Petitioner was tried by a jury

---

[1]Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to the minor victim using his initials.

2

in a two-stage proceeding. The jury found Petitioner guilty on all three (3) counts, all after former conviction of two or more felonies.  On December 17, 2007, Petitioner was sentenced in accordance with the jury's recommendation to thirty-five (35) years imprisonment on Count 1, twenty (20) years imprisonment on Count 2, and twenty (20) years imprisonment on Count 3, to run consecutively. At trial, Petitioner was represented by attorney Brian Rayl, Assistant Tulsa County Public Defender.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Although Stuart Southerland, an attorney at the Tulsa County Public Defender's Office, was appointed to represent Petitioner on appeal,  Petitioner was granted leave to proceed pro se in his direct appeal and Mr. Southerland was allowed to withdraw. See Dkt. # 9, Ex. 17.  Proceeding pro se, Petitioner raised the following propositions of error:

> Proposition 1: The District Court of Tulsa County was deprived of subject matter jurisdiction due to unverified felony information.
>
> Proposition 2:  Ineffective assistance of trial counsel in contravention of the 6th Amendment of the United States Constitution.
> Trial counsel failed to:
> A.     Ensure the court was properly vested with subject matter jurisdiction sufficient to invoke the power of the court to act.
> B.     Object to the state's use of witnesses with issuance of subpoena to said witnesses.
> C.     Subpoena state's witnesses to subject state's witnesses to direct examination.
> D.     Confer with and properly advise client.
> E.     Interview and prepare available defense witnesses.
> F.     Develop mitigating evidence.
> G.     Attempt impeachment of state witnesses.

(Dkt. # 9, Ex. 1). Petitioner, who is black, also complained that trial counsel failed to object to the prosecutor's use of a peremptory challenge to excuse the only black member of the jury pool, resulting in an all white jury. See id. at 15-16. In addition, as part of his direct appeal, Petitioner filed a "petition for evidentiary hearing," under Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of

Criminal Appeals. See Dkt. # 9, Ex. 2. The motion provided argument and evidence supporting Petitioner's claims of ineffective assistance of counsel. Id.  Attached to the motion is Petitioner's affidavit. Id. On February 25, 2009, in Case No. F-2008-9, the OCCA entered its unpublished opinion affirming the Judgment and Sentence of the district court. See Dkt. # 9, Ex. 5.

On September 17, 2009, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 9, Ex. 6. Petitioner raised the following propositions of error:

Proposition 1: Ineffective assistance of appeal counsel in contravention of the Okla. Const. Art. 2 & 7 and the 5th, 6th, and 14th Amendments of the United States Constitution.
Appeal counsel failed to:
A.     Follow Petitioner's expressed instructions in a timely manner, to withdraw from Petitioner [sic] case.
B.     To take the necessary steps to protect Petitioner's interest by procastinating [sic] with Petitioner [sic] case made.
C.     Inform the Petitioner about the legal consequences of Petitioner's proposed course of actions.

Proposition 2: Ineffective assistance of trial counsel in contravention [sic] of the Okla. Const. Art. 2 & 7 and the 6th and 14th Ammendments [sic] of the United States Constitution.
Trial counsel failed to:
A.     Counsel had in his possesion [sic] existing evidence that could have impeached the state's witnesses and failed to utilize it.
B.     Communicate with Petitioner before trial thus, hindering counsel's knowledge of facts leaving counsel inadequately prepared for trial.

Proposition 3: Ineffective assistance of trial counsel in contravention [sic] of the Okla. Const. Art. 2 & 6, 2 & 7, and 2 & 30 and the 4th, 5th, 6th, and 14th Amendments of the United States Constitution.
Trial counsel failed to:
A.     Communicate with Petitioner.
B.     Abide by Petitioner's decision to testify.
C.     Discuss legal consequences before making decisions on behalf of Petitioner.
D.     Counsel so utterly failed to defend against the charges that the trial was the functional equivalent of a guilty plea.
E.     Object to jury instructions.
F.     File any pre-trial motions.

4

Proposition 4: Petitioner's warrantless arrest was without probable cause which was a violation of Petitioner's rights under Okla. Const. Art. 2 & 7 due process of law, 2 & 30 unreasonable searches and seizures and the U.S.C. 4th, 5th, 6th, and 14th Amend.

Proposition 5: Trial court violated Petitioner's constitution [sic] rights when trial court failed to:
    A.    Allow Petitioner to represent himself.
    B.    Inquire into Petitioner's indicates [sic] dissatisfaction with Petitioner's counsel.

The trial court denied post-conviction relief on October 30, 2009. Id., Ex. 10. Petitioner appealed.

Id., Ex. 11. In his supporting brief filed in his post-conviction appeal, Petitioner identified the following grounds for relief:

1.    Petitioner was denied his due process right, Article 2 Section 7 Okla. Const. and the 14th Amend. to the United States Const. when the District Court refused to conduct an evidentiary hearing when petitioner presented a genuine issue of fact in his application for post-conviction relief.

2.    District Court's finding of fact, and conclusion of law was erroneous when it found that Petitioner failed to satisfy the requirement of Strickland v. Washington, 104 S.Ct. 2052, 466 U.S. 668.

See Dkt. # 9, Ex. 11. By order filed February 22, 2010, in Case No. PC-2009-1121, the OCCA affirmed the state district court's denial of post-conviction relief. Id., Ex. 12.

Petitioner commenced the instant habeas corpus action by filing his petition on June 16, 2010. See Dkt. # 1. He identifies the following grounds of error:

Ground 1:    Ineffective assistance of appellate counsel.
    Petitioner's appellate counsel was ineffective for failing to:
    A.    Follow Petitioner's expressed instructions to withdraw in a timely manner.
    B.    To take the necessary steps to protect Petitioner's interest by procastingating [sic] with Petitioner's case made.
    C.    Inform the Petitioner about the legal consequences of Petitioner's proposed course of action in violation of Petitioner's 6th and 14th Amendment rights to U.S.C. Roe v. Flores-Ortega, 120 S.Ct. 1029 (U.S. Cal. 2000).

Ground 2:    Ineffective assistance of trial counsel.
Petitioner's trial counsel was ineffective for failing to:
A.    Ensure the court was properly vested with subject matter jurisdiction sufficient to invoke the power of the court to act.
B.    Object to the state's use of witnesses with issuance of subpoena to said witnesses.
C.    Subpoena state's witnesses to subject state's witnesses to direct examination.
D.    Confer with and properly advise client.
E.    Abide by Petitioner's decision to testify.
F.    Discuss the legal consequences before making decisions on behalf of Petitioner.
G.    Interview available defense witnesses.
H.    Attempt impeachment of state witnesses.
I.    Develop mitigating evidence.
J.    File any pretrial motions.
K.    Object to jury instructions.
L.    Defend against the charges that the trial was the functional equivalent of a guilty plea in violation of Petitioner's 6th and 14th Amendment rights to U.S.C.A. United States v. Cronic, 104 S.Ct. 2039 (Okla. 1984).

Ground 3:    Petitioner's warrantless arrest was without probable cause in violation of Petitioner's 4th Amendment to the United States Constitutional [sic]. Maryland v. Pringle, 124 S.Ct. 795 (U.S. Md. 2003).

Ground 4:    Self representation denied: trial court refuse [sic] to allow Petitioner to represent himself in violation of Petitioner's 5th Amendment. Faretta v. California, 422 U.S. 806.

(Dkt. # 1). In his motion to amend (Dkt. # 14), Petitioner raises an additional claim of ineffective

assistance of trial counsel based on counsel's failure to lodge a Batson objection during voir dire.

In response to the petition and the additional claim raised in the motion to amend, Respondent

argues that Petitioner is not entitled to habeas corpus relief. See Dkt. ## 9 and 20.

## *ANALYSIS*

## A.  Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner raised his grounds 1 and 2 claims of ineffective assistance of trial and appellate counsel on either direct or post-conviction appeal and he has exhausted state remedies as to those claims.  However, he failed to raise habeas grounds 3 and 4 on post-conviction appeal. In light of the procedural posture of this case, it would be futile to require Petitioner to return to state court to exhaust those claims. Thus, although the claims are technically unexhausted, there is an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), and Petitioner's grounds 3 and 4 are not barred by the exhaustion requirement.

**B.  Evidentiary hearing**

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**C.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated part of Petitioner's ground 2 claims of ineffective assistance of counsel on direct appeal. Specifically, Petitioner raised subpropositions A, B, C, D, G, H, and I of ground 2, as well as his claim raised in his motion to amend, that trial counsel provided ineffective assistance in failing to raise a Batson challenge, on direct appeal. Petitioner raised the remainder of his claims of ineffective assistance of trial counsel as well as his claims of ineffective assistance of appellate counsel on post-conviction appeal where they were adjudicated on the merits. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Ineffective assistance of trial counsel (ground 2)**

In his second proposition of error, Petitioner alleges that trial counsel provided ineffective assistance of counsel. He specifically identifies twelve (12) instances of ineffective assistance of trial counsel, identified as subpropositions A through L.  Subpropositions A, B, C, D, G, H, and I were raised on direct appeal. Petitioner also raised his additional claim, based on counsel's failure to lodge a Batson challenge, on direct appeal.  The OCCA denied relief on the claims raised on direct appeal, finding as follows:

> Jennings was not deprived of effective assistance of counsel because his attorney failed to object to the district court's jurisdiction or to admission of the victim's testimony. *See Head v. State*, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148. Jennings's claim that trial counsel was ineffective for failing to challenge the State's removal of an African American panelist is also without merit. *Id.* Nor do we find that Jennings was constructively denied counsel because he was represented at preliminary hearing by one assistant public defender and a different assistant public defender at trial.
> We are also not persuaded on the record before us that trial counsel was ineffective for failing to investigate, interview and prepare possible defense

witnesses or for failing to advise Jennings of possible defenses. Having reviewed Jennings's Request for Evidentiary Hearing, we find that he has failed to show by clear and convincing evidence that he is entitled to an evidentiary hearing to further develop his ineffective assistance of counsel allegations. Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008). That motion is **DENIED**.

(Dkt. # 9, Ex. 5).

Petitioner first raised subpropositions E, F, J, K, and L in his application for post-conviction relief.  On post-conviction appeal, the OCCA affirmed the district court's denial of relief, addressing Petitioner's claims of ineffective assistance of trial and appellate counsel on the merits, and finding as follows:

In order to prevail on his claim of ineffective assistance of trial or appellate counsel, Petitioner must establish counsel made errors so serious the performance was deficient, and that the deficient performance deprived Petitioner of a trial and appeal whose results are reliable and fair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default. *Id.* We **FIND** Petitioner has not established trial or appellate counsel's performance was deficient, or that the result of his trial and appeal was not reliable and fair.

(Dkt. # 9, Ex. 12).

To be entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel, Petitioner must demonstrate that the OCCA's adjudications were an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id.

9

at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential."  Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner has failed to demonstrate that he is entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel.  The Court will address Petitioner's claims in two groups: (1) instances alleging pretrial deficiencies, and (2) instances alleging deficiencies during trial.

### a.  Pretrial deficiencies (subpropositions A, D, G, I, and J)

Petitioner alleges that trial counsel provided ineffective assistance in failing to take several actions prior to trial.  First, Petitioner complains that counsel failed to challenge the trial court's jurisdiction because he was charged with an unverified felony information.  On direct appeal, the OCCA found that the Information filed in Petitioner's case complied with Okla. Stat. tit. 22, § 303, and was sufficient to confer subject matter jurisdiction. Based on the OCCA's adjudication of the

underlying claim of state law, see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that "[i]t is not the province of a federal habeas court to reexamine state court determinations on state law questions"), Petitioner has failed to demonstrate that counsel performed deficiently in failing to challenge the trial court's subject matter jurisdiction.

Petitioner also complains that, prior to trial, his attorney failed to confer and properly advise him, failed to interview available defense witnesses, failed to develop mitigating evidence, and failed to file pretrial motions.  Specifically, Petitioner complains that trial counsel failed to file a pretrial motion for discovery to obtain photos showing cuts on his arms and hand. Petitioner believes the photos would have demonstrated that he was acting in self-defense.  Petitioner also complains that trial counsel failed to have the knife tested for his fingerprints or for the presence Latasha Pearson's blood. Petitioner asserts that those tests would have allowed him to argue that the knife was not the knife that was used to cut the victim.  Petitioner also complains that trial counsel failed to develop evidence demonstrating that his physical description and the description of the clothes he was wearing did not match the description given to Paul Clark. Although he complains that counsel did not develop "reasonable mitigating evidence," he fails to identify any supposedly mitigating evidence.

Even if trial counsel performed deficiently in failing to take the steps identified by Petitioner, Petitioner has failed to demonstrate that he suffered prejudice as a result of the alleged deficient performance. The evidence against Petitioner was overwhelming. Nothing presented at trial suggested that Ms. Pearson was armed with a knife and that Petitioner was acting in self-defense. All of the witnesses who were present at the scene testified that Petitioner attacked Ms. Pearson and her son with a knife.  Petitioner was apprehended by the security guards only a block away from the

scene of the stabbings with the knife in his hand. Petitioner does identify one potential witness, Angela Eastland, see Dkt. # 1 at 20, and claims that she "could have testify [sic] to the fact that Latasha Pearson had the knife." Id.  That claim is entirely speculative and flies in the face of the evidence presented at trial, including the extent of the injuries sustained by Ms. Pearson, demonstrating that Petitioner had the knife and used it to slash and stab Ms. Pearson and her son, K.P.

In summary, Petitioner has not shown that the OCCA's adjudication of these claims of ineffective assistance of trial counsel based on pretrial actions or omissions by counsel was an unreasonable application of Strickland. 28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on these claims.

### b.  Trial deficiencies (subpropositions B, C, E, F, H, K, L, and additional claim)

Petitioner also complains that trial counsel provided ineffective assistance during trial.  First, in his motion to amend (Dkt. # 14), Petitioner cites Batson v. Kentucky, 476 U.S. 79 (1986) (requiring that if a defendant makes a prima facie showing of purposeful racial discrimination in jury selection, the burden shifts to the prosecution to articulate a race neutral explanation), and alleges that trial counsel provided ineffective assistance in failing to lodge an objection to the prosecutor's use of a peremptory challenge to remove the only black juror from his jury.  The OCCA stated that this claim is without merit. The Court agrees. The record reflects that when the prosecutor used a peremptory challenge to remove prospective juror Nash, the trial judge required the prosecutor to provide a race neutral reason.  See Dkt. # 11-1, Tr. Trans. at 85.  The prosecutor responded that Mr. Nash had stated that he would hold the State to a burden of proof higher than beyond a reasonable doubt. Id.  The record confirms that Mr. Nash told the prosecutor that he would require a higher

standard of proof.  See id. at 42-43. In light of that record, the Court finds it was unnecessary for defense counsel to lodge an objection based on Batson since the trial judge insured that the requirements of Batson were satisfied. Therefore, trial counsel did not perform deficiently in failing to raise a Batson challenge.

Next, Petitioner alleges that counsel provided ineffective assistance in failing to object to the State's use of subpoenas to secure witnesses' presence or to issue subpoenas to secure witnesses for the defense in order to prepare a reasonable defense or trial strategy. First, Petitioner identifies no basis for an objection by counsel. The State is authorized to use a subpoena to insure a witness's presence at trial. See Okla. Stat. tit. 12, § 2004.1.  Trial counsel did not perform deficiently in failing to object to the State's use of its subpoena power.  As to Petitioner's claim that defense counsel should have subpoenaed the State's witnesses to subject them to direct examination, Petitioner fails to explain what additional information counsel might have elicited.  Again, counsel did not perform deficiently in failing to subpoena State's witnesses.

Petitioner also complains that counsel did not attempt to impeach State witnesses. Specifically, Petitioner alleges that counsel failed to impeach Latasha Pearson's testimony with prior inconsistent statements.  This claim is not supported by the record. Petitioner's attorney did in fact cross-examine Ms. Pearson regarding prior statements she made to the police. See Dkt. # 11-2, Tr. Trans. at 176-78. Although the prosecutor rehabilitated Ms. Pearson's confusing testimony, the trial judge decided to give an instruction on prior inconsistent statements based on defense counsel's cross-examination. See id. at 264-65. Petitioner has not demonstrated that trial counsel performed deficiently with regard to his cross-examination of Latasha Pearson.

Petitioner also complains that trial counsel failed to "abide by Petitioner's decision to testify." This claim is belied by the record. Petitioner did not testify in his own behalf. However, the trial judge made a record concerning Petitioner's decision.  The Court stated that Petitioner had elected not to testify and when asked if he understood that he had a right to testify in his own behalf, Petitioner stated, "[y]es, I understand." See Dkt. # 11-2, Tr. Trans. at 266.  That record supports the conclusion that Petitioner himself chose not to testify and understood the rights associated with that decision.  Petitioner has failed to demonstrate that trial counsel performed deficiently with regard to Petitioner's decision not to testify.

In three more instances of allegedly deficient performance, Petitioner complains that counsel failed to discuss legal consequences before making decisions on behalf of Petitioner, failed to object to jury instructions, and failed to defend against the charges.  As with many of his other allegations, Petitioner fails to provide any factual support for these claims.  He fails to cite to any decisions allegedly made on behalf of Petitioner, fails to explain the basis for any plausible objection to the jury instructions, and fails to provide a plausible defense to the charges.  Even if counsel performed deficiently with regard to these claims, Petitioner has failed to demonstrate that he suffered prejudice in light of the overwhelming evidence of guilt presented by the State.

Lastly, Petitioner complains that trial counsel failed to request a presentence investigation. Petitioner was found guilty on all three charges, all after former conviction of two or more felonies. He received the minimum sentence on two of the charges.  He fails to explain how a presentence investigation would have changed the outcome of his sentencing proceeding. Therefore, he has failed to satisfy the prejudice prong of Strickland.

In summary, Petitioner has not shown that the OCCA's adjudication of these claims of ineffective assistance of trial counsel based on his attorney's acts or omissions at trial was an unreasonable application of <u>Strickland</u>. 28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on these claims.

**2.  Ineffective assistance of appellate counsel (ground 1)**

Before being granted leave to proceed pro se on direct appeal, Petitioner was represented for a short period of time by Stuart Southerland, an attorney from the Tulsa County Public Defender's Office.  As his first proposition of error, Petitioner alleges that Mr. Southerland provided ineffective assistance of appellate counsel. Petitioner raised this claim in his application for post-conviction relief.  As cited above, the OCCA affirmed the district court's denial of post-conviction relief, concluding that Petitioner had failed to establish that appellate counsel's performance was deficient or that the result of his appeal was not reliable and fair. However, the OCCA, citing <u>Strickland</u>, 266 U.S. at 687, also stated that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default."  <u>See</u> Dkt. # 9, Ex. 12.  Although Petitioner's claims of ineffective assistance of appellate counsel do not relate to counsel's failure to recognize or raise a specific claim, the OCCA's statement regarding appellate counsel's failure "to recognize or raise a claim, regardless of merit" deviates from the controlling federal standard. <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal

constitutional law). <u>See</u> <u>also</u> <u>Malicoat v. Mullin</u>, 426 F.3d 1241, 1248 (10th Cir. 2005) (following <u>Cargle</u>). Because the OCCA's analysis of Petitioner's allegations of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. <u>Cargle</u>, 317 F.3d at 1205; <u>see also</u> <u>Malicoat</u>, 426 F.3d at 1248.  Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the <u>Strickland</u> two-pronged standard used for general claims of ineffective assistance of trial counsel. <u>See</u> <u>United States v. Cook</u>, 45 F.3d 388, 392 (10th Cir. 1995), *abrogated on other grounds by* <u>Neill v. Gibson</u>, 278 F.3d 1044 (10th Cir. 2001). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." <u>Cargle</u>, 317 F.3d at 1202 (citation and footnote omitted); <u>see</u> <u>also</u> <u>Parker v. Champion</u>, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing <u>Cook</u>, 45 F.3d at 392-93). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief on his claims of ineffective assistance of appellate counsel.

16

Petitioner's claims of ineffective assistance of appellate counsel lack merit and are refuted by the record.  Petitioner alleges that appellate counsel failed to withdraw "in a timely manner," failed to protect Petitioner's interests by procrastinating, and failed to advise Petitioner of the legal consequences of his decision to proceed on appeal pro se. The record reflects that Petitioner filed his affidavit and motion to proceed pro se on direct appeal on January 14, 2008. See Dkt. # 9-15. In his affidavit, Petitioner averred, under oath, that he had "consulted an attorney about my decision to waive and relinquish my right to assistance of an attorney in taking my direct appeal and understand the dangers and requirements I am assuming in representing my[self] in this matter." Id. at ¶ 8.  The motion was not heard in the state district court until approximately four (4) months later, on May 19, 2008, see Dkt. # 9-16 at 2.  The Tulsa County Public Defender's Office provided representation for Petitioner at the hearing. Id.  At the conclusion of the hearing, after advising Petitioner of the risks associated with pursuing an appeal pro se, the trial judge granted the motion to proceed on direct appeal pro se.  Three (3) days later, on May 22, 2008, Mr. Southerland filed his motion to withdraw at the OCCA and also suggested that Petitioner be given additional time to submit a brief. Id. By Order filed June 9, 2008, see Dkt. # 9-17, the OCCA granted appellate counsel's motion to withdraw, accepted Petitioner's pro se entry of appearance, and granted an extension of time to file the brief on appeal. The order established a deadline of July 3, 2008, for the filing of the Brief in Chief. Id.  Petitioner filed his Brief in Chief on June 30, 2008, see Dkt. # 9-1, or four (4) days before the deadline.

That sequence of events defeats Petitioner's claims of ineffective assistance of appellate counsel.  There was no delay or procrastination attributable to appellate counsel.  Appellate counsel could not withdraw until Petitioner had been granted leave to proceed pro se.  Even if appellate

counsel were responsible for a delay that could be viewed as deficient performance, Petitioner has not demonstrated that he was prejudiced by the deficient performance.  Although he claims the delay had an "adverse effect," see Dkt. # 1 at 16, he fails to identify any claim he was prevented from raising on direct appeal as a result of the delay.  Thus, Petitioner's claims of ineffective assistance of appellate counsel based on counsel's failure to withdraw in a timely manner and failure to protect Petitioner's interests lack merit. Furthermore, Petitioner's complaint that appellate counsel provided ineffective assistance in failing to advise him of the legal consequences of Petitioner's decision to proceed pro se also lacks merit.  Again, even if appellate counsel failed to advise Petitioner of the ramifications of his decision, the record supplies proof that Petitioner had in fact been advised by another attorney, see Dkt. # 9-15 at ¶ 8, and by the district court judge, see Dkt. # 9-16 at 2, of the risks associated with pursuing an appeal pro se, and that Petitioner stated, under oath, that he understood and accepted the risks of proceeding on direct appeal pro se. See Dkt. # 9-15. Petitioner has not satisfied either prong of the Strickland standard.  Therefore, his request for habeas corpus relief based on ineffective assistance of appellate counsel shall be denied.

### D.  Procedural Bar

Respondent argues that grounds 3 and 4 are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal.  See # 9.  In addition, although Petitioner raised grounds 3 and 4 in his application for post-conviction relief filed in the state district court, it does not appear that he raised the claims in his post-conviction appeal.  Thus, the claims have been defaulted twice and have never been presented to the OCCA.  If Petitioner were to return to state court to present the defaulted claims, the OCCA would impose a procedural bar based on independent and adequate state procedural grounds.  See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

The Court finds that an anticipatory procedural bar will be applied to deny grounds 3 and 4 unless Petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claim.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Maes, 46 F.3d at 985. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  In addition, a petitioner is required to show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which

requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner simply argues that the state district court erred when applying a procedural bar to his claims first raised in his application for post-conviction relief. He does not address his failure to raise his habeas grounds 3 and 4 on post-conviction appeal. Furthermore, Petitioner cannot attribute the failure to raise the claims on direct appeal to ineffective assistance of appellate counsel since he proceeded pro se on direct appeal. As stated above, Petitioner's claims of ineffective assistance of appellate counsel as raised on post-conviction appeal did not relate to the omission of any claims. See Murray, 477 U.S. at 488-89 (requiring that an ineffective assistance claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); Edwards v. Carpenter, 529 U.S. 446, 453 (2000). For those reasons, ineffective assistance of appellate counsel cannot serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the

20

burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However, he provides no new evidence supporting this claim.  Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. His request for habeas corpus relief on grounds 3 and 4 shall be denied.

**E.      Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate

21

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

***CONCLUSION***

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

2.    The request for habeas corpus relief based on the additional claim of ineffective assistance of counsel raised in the motion to amend (Dkt. # 14) is **denied**.

3.    A separate judgment shall be entered in this matter.

4.    A certificate of appealability is **denied**.

22

5.      The Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Court

of Appeals as it relates to Tenth Circuit Case No. 13-5002.

DATED THIS 28th of January, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma